UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 06-10413 |
| | * | |
| NEW ORLEANS PADDLEWHEELS, INC. | * | CHAPTER 11 |
|    Debtor | * | |
| | * | SECTION "A" |
| | * | |
| | * | JUDGE MAGNER |
| *    *    *    *    *    *    *    * | | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING THE GRANTING OF ORDER APPROVING AND CONFIRMING SALE OF VESSEL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

Before the Court, on March 27, 2007, was the MOTION TO SELL M/V CAJUN QUEEN FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS (the "*Sale Motion*") filed by Louis M. Phillips, chapter 11 trustee ("*Trustee*") of the bankruptcy estate of New Orleans Paddlewheels, Inc. (the "*Debtor*"), entered on the docket of the record of this bankruptcy case as entry #422.  The hearing on the Sale Motion was conducted pursuant to:  (i) the MOTION TO ESTABLISH EXPEDITED BID PROCEDURES FOR SALE OF VESSEL PURSUANT TO MOTION TO SELL M/V CAJUN QUEEN FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS ("*Bid Procedures Motion*") entered on the docket of the record of this bankruptcy case as entry #423 and (ii) the ORDER GRANTING MOTION TO ESTABLISH EXPEDITED BID PROCEDURES FOR SALE OF VESSEL PURSUANT TO MOTION TO SELL M/V CAJUN QUEEN FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS AND APPROVING BID PROCEDURES ("*Bid Procedures Order*") entered on the docket of the record of this bankruptcy case as entry #429.

1

Making appearances at the hearing on the Sale Motion were the Trustee and counsel for the Trustee, and counsel for (i) the Office of the United States Trustee, (ii) the Official Committee of Unsecured Creditors, (iii) Whitney National Bank, (iv) the City of New Orleans, (v) Warren Reuther, and (vi) James Smith Sr.

After conducting the hearing on the Sale Motion and in light of (i) the Bid Procedures Motion and Bid Procedures Order, (ii) the proffered testimony submitted by the Trustee, and (iii) the docket entries submitted into evidence by reference, the Court, for the oral reasons assigned in open court on March 27, 2007, granted the Sale Motion. The Court hereby issues these written FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING THE GRANTING OF ORDER APPROVING AND CONFIRMING SALE OF VESSEL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS ("*Findings and Conclusions*") to supplement the oral findings made in open court, and shall, together with the oral findings and reasons announced in open court constitute findings of fact and conclusions of law pursuant to Rule 7052 Federal Rules of Bankruptcy Procedure ("*FRBP*"), made applicable to this proceeding by Rule 9014 FRBP.

1. Debtor filed a case under chapter 11 of Title 11, United States Code ("*Bankruptcy Code*") on May 3, 2006. On October 30, 2006, this Court entered an Order approving the appointment of Louis M. Phillips as chapter 11 trustee of the Debtor's estate.

2. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. sections l57 and 1334. Further, this proceeding is a core proceeding under 28

2

U.S.C. sections 157(b)(2)(A) (G) and (N).  Venue of this proceeding in this district is proper pursuant to 28 U.S.C. section 1409.  The statutory predicates for the relief requested herein are sections 363, and 362 of the United States Bankruptcy Code.  The Rules applicable to this proceeding include FBRP 2002, 4001, 6004 and 9014.

3. Notice of the hearing on the Sale Motion has been given by the Trustee to all creditors, equity security holders, the Official Committee of Unsecured Creditors, the United States Trustee, and all parties to whom notice was required.

4. The notice procedures approved by this Court through the Bid Procedures Order has been complied with as evidenced by the Certificate of Service filed by the Trustee and entered on the docket of the record of this bankruptcy case as entry #432, and no additional notice is required.

5. The Trustee executed an Agreement for Sale and Purchase ("**Purchase Agreement**"), a copy of which was attached to and made a part of the Sale Motion, whereby the Trustee agreed, subject to various conditions, including the express condition that the proposed sale be approved by this Court, to sell to Savannah Riverboat Company, L.L.C. ("**Purchaser**") the vessel "Cajun Queen," United States Coast Guard Vessel Official Number 916577, along with its equipment, appurtenances and furnishings therein described (the "**Vessel**").  The Trustee engaged in a series of arms length negotiations with Purchaser, and the terms of the Purchase Agreement were arrived at through a series of arms length communications, proposed drafts of agreements and negotiations, including communications and negotiations by an independent broker (the "**Broker**") acting on behalf of the Trustee and retained previously pursuant to order of this Court.

3

6. Neither the Trustee nor the Debtor has connection with Purchaser, and has dealt at arms length with counsel for Purchaser, with whom Trustee had no contact prior to his appointment in this case. The Trustee has come to the decision to sell the Vessel after consideration of the debt and expense structure of the estate, as set forth within the Sale Motion. The Court finds that both the Trustee and Purchaser have acted in good faith in connection with the Purchase Agreement, the Sale Motion and the Bid procedures Motion and Order.

7. The purchase price under the Purchase Agreement is **One Million Five Hundred Thousand Dollars ($1,500,000)**, payable in cash at closing less the deposit which has already been tendered as required by the Purchase Agreement.

8. The Purchase Agreement required that the sale be free and clear of any and all liens, claims and interests, and that the purchase price be payable to Whitney National Bank ("*Whitney*"), on the basis of (i) the post petition advances made to the Debtor as debtor in possession and (ii) the prepetition claim of Whitney and (iii) and any other indebtedness of other parties that is owed to Whitney and secured by the vessel. The payment of said pre petition claim and post petition advances, in accordance with prior order(s) of this Court is secured at least in part by the ship mortgage and/or other security interests in, to and upon the Vessel held by Whitney and by any and all other Liens and Claims as defined within the Sale Motion.

9. The Purchase Agreement also provided for the prospect of bid procedures to be established by this Court, whereby it would be possible to entertain competing bids for the Vessel, in accordance therewith. These procedures were brought before the Court by

4

the Bid Procedures Motion and were approved by the Court through the Bid Procedures Order.

10. The Trustee received no Written Bids as that term is defined within the Bid Procedures Order, and therefore the auction process proposed therein did not occur.

11. The Court determines that the purchase price set forth in the Purchase Agreement is a fair price, arrived at through arms length negotiations, following marketing efforts that spanned several months and involved communications by the Trustee and the Broker acting on behalf of the Trustee with other third parties in addition to the Purchaser. Therefore, the Court determines that the terms of sale proposed within the Sale Motion and the Purchase Agreement (the "*Sale*") of the Vessel to Purchaser should be approved and confirmed as the highest, best, and successful bid for the Vessel.

12. The Sale Motion complies with section 363(f) of the Bankruptcy Code, in that the Trustee either obtained the consent of Whitney to the sale of the Vessel to the Purchaser or Whitney had no objection to the Sale. To the extent there are other lien claims that could arguably affect the Vessel, the holders of such lien claims did not object to the terms of the Sale Motion and/or the Sale, which expressly provides that the Sale is to be free and clear of all Liens and Claims, as defined within the Sale Motion and the Bid Procedures Order.

13. There were no objections to the Sale and the Official Committee of Unsecured Creditors filed a consent to the Sale.

14. In light of these Findings and Conclusions, the Court determines that the Trustee should be authorized, pursuant to Sections 363(b), 363(f) 363(m) and 362 of the Bankruptcy Code, (i) to execute and deliver, to perform under, and to consummate and

implement the terms of the Sale, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, (ii) to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring the Vessel to the Purchaser as may be necessary or appropriate to the performance of the obligations contemplated by Purchase Agreement and the Sale, and (iii) to effectuate the payment of the sale proceeds from the purchase price under the Purchase Agreement (less $75,000.00 for payment of a brokerage commission) to Whitney for application toward the Postpetition Indebtedness and to the Prepetition Indebtedness as those terms are defined within this Court's <u>Final Order on Emergency Motion and Providing for Use of Loan Proceeds Pursuant to Sections 361, 362, 363, 364 and any Other Applicable Provisions of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001</u> entered on the docket of the record of this case as entry #186 (the "***Financing Order***"), and any other indebtedness of other parties that is owed to Whitney and secured by the Vessel, as a precondition for the limited release of the Liens and Claims of Whitney, only insofar as such Liens and Claims affect the Vessel. Further, with respect to any deficiency claim held by Whitney after the purchase price for the Vessel is applied to the indebtedness that is secured by the Vessel, any and all rights, interests and liens as to all other property that secures such deficiency claim and any and all rights against the Debtor and all other persons and entities who may be liable for such deficiency claim shall be fully reserved by Whitney.

15. The Sale, upon closing: (i) shall be a legal, valid and effective transfer of the Vessel, and (ii) shall vest the Purchaser with all right, title, and interest of the bankruptcy estate of the Debtor in and to the Vessel free and clear of all (a) mortgages, security

6

interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, taxes, including without limitation, property taxes, sales, use and ad valorem taxes, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to herein as "Liens") and all (b) debts arising in any way in connection with any acts of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, tort claims, product liability claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "Claims" herein).

16. The Vessel is to be transferred to the Purchaser under and pursuant to the Purchase Agreement and the Order to be issued upon these Findings and Conclusions and the oral reasons given in open court on March 27, 2007, and shall be transferred free and clear of all Liens and Claims of any kind or nature, except as otherwise expressly provided by the terms of the Order to be issued hereupon (the "***Sale Order***").

17. As requested within the Sale Motion, each and every federal, state and local governmental agency or department shall be directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement including, without limitation, documents and instruments to be filed in or with (a) any governmental agency or department in order to effect or evidence

the transfer of the Vessel and (b) any county, parish or state office wherein termination statements under the Uniform Commercial Code and releases of liens and mortgages are authorized to be filed. Any clerk in any location responsible for the recordation of Claims or Liens in, to or upon the Vessel shall be authorized and directed to cancel and remove from the public record any Lien, Claim, or other interest, encumbrance, demand, suit, action and any other judicial administrative proceeding or investigation affecting the Vessel.

18. The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Debtor, the Trustee, creditors of the Debtor or the Debtor's bankruptcy estate, and/or any other parties in interest, and any successors of the Debtor, including any subsequent trustee appointed in any subsequent or converted case of the Debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code.

19. The Court further finds (i) that the Sale Order shall be immediately effective and executory upon entry on the docket of the record of this case, and that the ten (10) day stay provided by Rule 6004(g) FRBP shall be abrogated and waived by the Sale Order, so as to allow the Trustee and the Purchaser to proceed immediately to effectuate the closing and transfers contemplated by and within the Bid Procedures Order, the Sale Motion and the Sale Order, (ii) that unless the Sale Order shall be stayed by means of an order issued by a Court with authority to stay the effectiveness of the Sale Order, the closing of the Sale shall be concluded within the deadline established under the Purchase Agreement, the Bid Procedures Order and the Sale Order, and (iii) that nothing in the Sale Order shall

affect any of rights of the Purchaser pursuant to the Purchase Agreement, except as specifically set forth therein.

20. The Trustee and the Purchaser are entitled to the full range of protections provided by section 363(m) of the Bankruptcy Code.

21. The Court has expressly authorized the submission of these Findings and Conclusions by counsel for the Trustee, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement the oral ruling granting the Sale Motion in open court on March 27, 2007. The Court has further expressly authorized the submission of the Sale Order by counsel for the Trustee.

21. The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, and the documents executed and delivered in connection with the Sale and the Sale Order.

New Orleans, Louisiana, April 2, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

9