UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: * CASE NO: 06-10413
 *
NEW ORLEANS PADDLEWHEELS, INC. * CHAPTER 11
 *
    **Debtor** *
\* \* \* \* \* \* \* \* \*

FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION OF NEW ORLEANS PADDLEWHEELS, INC. AS PROPOSED BY LOUIS M. PHILLIPS, CHAPTER 11 TRUSTEE OF NEW ORLEANS PADDLEWHEELS, INC., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AND IMMATERIALLY MODIFIED AS OF June 23, 2008

On the 25th day of June, 2008, there came on for hearing the confirmation of the AMENDED PLAN OF REORGANIZATION OF NEW ORLEANS PADDLEWHEELS, INC. AS PROPOSED BY LOUIS M. PHILLIPS, CHAPTER 11 TRUSTEE OF NEW ORLEANS PADDLEWHEELS, INC., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AND IMMATERIALLY MODIFIED AS OF June 23, 2008, the redline version of which, entered on the docket as entry #658, and the final version of which was entered on the docket as entry #659 (the *"Plan"*) was considered by the Court as the Plan before the Court for confirmation. The Plan is an amended version of the AMENDED PLAN OF REORGANIZATION OF NEW ORLEANS PADDLEWHEELS, INC. AS PROPOSED BY LOUIS M. PHILLIPS, CHAPTER 11 TRUSTEE OF NEW ORLEANS PADDLEWHEELS, INC., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF May 19, 2008, (the "*May 19th Plan*"), and as the Court sets forth below, the

1

modifications within the Plan are immaterial. As a result, the Plan is an immaterial modification of the May 19th Plan. At hearing, Louis M. Phillips, Chapter 11 Trustee ("*Trustee*") of the estate of New Orleans Paddlewheels, Inc. ("*Debtor*"), and acting as counsel for the Trustee presented the Court with evidence in support of Confirmation of the Plan. At the Confirmation Hearing the Court considered:

(a) the Plan;

(b) the AMENDED DISCLOSURE STATEMENT IN SUPPORT OF AMENDED PLAN OF REORGANIZATION OF NEW ORLEANS PADDLEWHEELS, INC. AS PROPOSED BY LOUIS M. PHILLIPS, CHAPTER 11 TRUSTEE OF NEW ORLEANS PADDLEWHEELS, INC., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE DATED AS OF MAY 19, 2008 entered on the docket as entry #626 (the "*Disclosure Statement*"), approved by the Court and duly transmitted to Holders[1] of Claims and parties in interest in accordance with both (i) the ORDER APPROVING THE CHAPTER 11 TRUSTEE'S FIRST AMENDED DISCLOSURE STATEMENT AND FIXING TIME FOR FILING ACCEPTANCES OR REJECTIONS TO THE FIRST AMENDED PLAN OF REORGANIZATION AND SETTING CONFIRMATION HEARING, entered on the docket as entry #627 (the "*Disclosure Statement Order*"), and (ii) the ORDER ON MOTION TO ESTABLISH NOTICE PROCEDURE FOR DISCLOSURE STATEMENT AND PLAN, entered on the docket as entry #632 (the "*Notice Procedures Order*");

(c) the certificates of service having been filed in connection with (i) the Disclosure Statement Order, and (ii) the Notice Procedures Order, entered on the docket as entry

---

[1] Any capitalized term not otherwise defined herein shall have the same meaning as such capitalized term has in the Plan.

2

#634 (the "*Certificate of Service*"), and the Court hereby concluding that the service as indicated by the Certificate of Service and such notice being hereby deemed sufficient such that no further notice is required under title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "**Bankruptcy Code**"), or the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), or the Local Rules of this Court;

(d) the affidavits of June Alcantara and the Trustee establishing that the office of the Trustee received no requests for paper copies of the May 19 Plan or the Disclosure Statement;

(e) the Affidavit of June Alcantara establishing that the mailing matrix used by the office of the Trustee in transmitting the pleadings, letters, and notices reflected in the Certificates of Service was the most accurate matrix providing for the most extensive notice;

(f) the objection to confirmation filed by the LDRT, which was formally withdrawn by the WITHDRAWAL OF OBJECTION TO CONFIRMATION OF AMENDED PLAN, entered on the docket as entry #660;

(g) the MOTION TO ALLOW CLASS 7 CLAIMS SOLELY FOR VOTING PURPOSES AT THE AMOUNT OF $1,000 PER CLAIM (the "*Voting Motion*"), entered on the docket as entry #657.

(h) the voting tabulation entered on the docket as entry# 656, of which the Court has taken judicial notice and has admitted into evidence without the necessity of separate submission, along with the original Ballots submitted into evidence at the Confirmation Hearing;

(h) (i) the proffer of testimony of Patrick Gros in support of the financial analysis exhibits submitted into evidence by the Trustee, (ii) the proffer of testimony of Craig Smith as to the status of operations and his operations information input into the projections contained within the Disclosure Statement, those financial analysis exhibits submitted into evidence at the Confirmation Hearing, and feasibility of the Plan, (iii) and the proffer of testimony of the Trustee concerning the efforts undertaken by the Trustee and other parties in formulation of the Plan and Disclosure Statement and the settlements and compromises set forth therein;

(i) the documents introduced into evidence at the Confirmation Hearing; and

(j) the arguments of counsel adduced at the Confirmation Hearing.

Upon considering the foregoing, and for oral reasons assigned in open Court on June 25, 2008, the Court determined to confirm the Plan. The Court hereby issues these written Findings of Fact and Conclusions of Law Supporting Order Confirming Amended Plan of Reorganization of New Orleans Paddlewheels, Inc., as modified on June 23, 2008, (the "***Findings and Conclusions***") to supplement the oral findings made in open court:

The Court finds and concludes as follows.

1. Notice and opportunity for hearing of the May 19th Plan and the Plan has been given by the Trustee to all creditors, equity security holders, the Official Committee of Unsecured Creditors, the United States Trustee, and all parties to whom notice is required.

2. The notice procedures approved by this court through the Notice Procedures Order required the transmission of the May 19th Plan to all parties in interest, or made the May 19th Plan available to all parties in interest.

3. The Plan contains the following described immaterial modifications form the May 19 Plan: (i) the compromise treatment of the LDRT was changed slightly to reflect an agreed upon 7.5% per annum interest rate as opposed to the applicable statutory rate (currently 12.5%) unless Reorganized Paddlewheels defaults; (ii) Class 3(a) was added on the basis of the proof of claim filed by the United States Coast Guard ("*Coast Guard*") in the amount of $5,500;[2] (iii) clarifies that upon the Effective Date, all releases and waivers of claims and causes of action called for by the Plan shall occur, without the necessity of any further action by any party or Entity; (iv) clarifies that the Note Agent Reserve can be held by the Note Agent in the Note Agent's IOLTA account pending distribution or use thereof. The Plan is an immaterial modification of the May 19th Plan, and therefore, the votes of creditors and equity security holders for the May 19th Plan constitute the votes of creditors and equity security holders for the Plan.

4. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.

5. The provisions of chapter 11 of the Bankruptcy Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law.

6. Each Holder of a Claim or Equity Interest has either accepted the Plan or will receive under the plan property of a value, as of the Effective Date of the

---

[2] The treatment proposed by the Plan is not subject to objection by the Coast Guard, in that while the Coast Guard had notice of the proceedings, it did not object to the May 19th Plan which contained no provision for payment of the Unsecured Priority claim of the Coast Guard.

Plan that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Code on such date. Classes 5, 6, 7 and 8, have voted to accept the Plan. Classes 1-4 were not solicited to vote for the Plan but as set forth below have either agreed to the treatment set forth within the Plan or have not objected to the Plan.

7. Because the Plan was accepted by all Classes solicited to vote upon the Plan, the provisions of section 1129(b) are not applicable to the Plan.

8. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incidental to this bankruptcy case are reasonable, have been fixed by the Court or will be fixed by the Court upon or after Confirmation.

9. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustee, if any, of the Debtor, any affiliate of the Debtors participating in a joint plan with the Debtor, and any successor to the Debtor under the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy.

10. The identity of any insider that will be employed or retained by the reorganized Debtor and his/her compensation has been fully disclosed.

11. Confirmation of the Plan is not likely to be followed by liquidation or need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan.

12. The principal purpose of the Plan is to effectuate the reorganization of the Debtor under the Bankruptcy Code, and not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

13. The aggregate number of holders of Reorganized Paddlewheels Equity Interests following the Effective Date will be less than 500.

14. The issuance of the Class 6 Note pursuant to the Plan shall be exempt from the requirements of the Trust Indenture Act of 1939, pursuant to, in accordance with, and to the extent provided in, Section 1145(d) of the Bankruptcy Code.

15. The Class 6 Note to be issued under the Plan in accordance with the treatment of the Class 6 Claims is exempt from registration under the Securities Act of 1933 pursuant to section 1145 of the Bankruptcy Code, except to the extent that the Holder of the Class 6 Note is an "underwriter," as that term is defined in section 1145 of the Bankruptcy Code.  The retained Equity Interests are exempt registration under the Securities Act of 1933 pursuant to section 1145 of the Bankruptcy Code, as there will be no issuance of such Equity Interests under the Plan.

16. Plan provides appropriate methods of the vesting of the Causes of Action, and the vesting of all other property of the Estate in Reorganized Paddlewheels.

17. The documents comprising the Plan Supplement are necessary and appropriate to effect the provisions of the Plan and Confirmation of the Plan shall in all respects constitute approval of the Plan Supplement.

18. The Trustee and Reorganized Paddlewheels are authorized and directed to take all actions necessary or appropriate to enter into, implement and

consummate the contracts, instruments, releases, leases, indentures and other agreements or documents created in connection with the Plan and comprising the Plan Supplement.

19. Any claim, right, cause, or cause of action of the Trustee, the Debtor or Reorganized Paddlewheels or any Holder of any Claim, that (i) is waived or deemed waived pursuant to the Plan or pursuant to the Disclosure Statement, (ii) is against any Person or Entity listed on Exhibit A to the Plan or Exhibit "I" to the Disclosure Statement, (iii) is on behalf of any of the Paddlewheels Affiliate, Insider and/or Related Party Claimants, (iv) is against any Paddlewheels Released and/or Indemnified Parties shall be waived and released upon the Effective Date without any further act or action by any party, in accordance with the Plan.

20. Upon the Effective Date Reorganized Paddlewheels shall be a party to the Global Settlement, and shall be a Global Settlement Party, effective as of November 21, 2007.

21. The provisions of the Final Modified Plan relating to Discharge of Debtors (Article X.A.), Injunction (Article X.B.), Exculpations (Article X.C.), Indemnification Obligations (Article X.D.), Limited Release (Article X.E.), Releases by Consenting Parties (Article X.F.) and Subordination (Article X.G.) are necessary to the possibility of success of the reorganization proposed by the Plan, have been bargained for and obtained through appropriate notice, consideration given, and are necessary in light of the proceedings that have been commenced in the Paddlewheels Chapter 11 Case and the consideration given to make the Plan confirmable, and have been approved by the accepting votes of parties in interest and by the acceptance by the Classes that have voted

8

to Accept the Plan and/or the parties in interest who have not voted to reject the Final Modified Plan.

22. The requirements of Rule 3017(f) of the Bankruptcy Rules have been met by the Plan and the notice thereof provided pursuant to the Notice Procedures Order, and as evidenced by the Certificates of Service.

23. The Objection of the LDRT was withdrawn prior to the Confirmation Hearing.

24. The Compromises set forth within the sections of the Plan setting forth the treatment of Class 1, Port of New Orleans (Art. III. B.(1)), Class 3, LDRT (Art. III. B. (3)), and Class 4, City of New Orleans (Art. III. B. (4)) (collectively referred to herein as the "Compromising Parties"), shall be expressly approved by the Confirmation Order, and constitute compromises entered into by the Trustee on the one hand and the compromising Parties on the other.

25. All other requirements of sections 1122 and 1129 have been met by the Trustee, and the Plan shall be Confirmed by separate order of this Court.

26. The Court has heard testimony and has adduced documentary evidence supporting Confirmation of the Plan, and has expressly authorized the submission of these Findings and Conclusions by the counsel for the Trustee. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Plan.

27. Cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e), to facilitate immediate closing of the transactions necessary to implementation of the Plan.

New Orleans, Louisiana, June 26, 2008.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

**Findings and Conclusions Respectfully Submitted By,**

s/ Louis M. Phillips
**CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF NEW ORLEANS PADDLEWHEELS, INC.**

*-and-*

**GORDON, ARATA, McCOLLAM, DUPLANTIS & EAGAN, L.L.P.**

By: /s/ Louis M. Phillips
Louis M. Phillips (#10505)
Brandon A. Brown (#25592)
Ashley S. Green (#29217)
301 Main Street, Suite 1600
Baton Rouge, Louisiana 70801-1916
Telephone: (225) 381-9643
*Attorneys for Louis M. Phillips, Chapter 11 Trustee for the Bankruptcy Estate of New Orleans Paddlewheels, Inc.*